IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| IRINA GVOZD, | * |
| | * |
| Plaintiff | * |
| | *   Case No. |
| v. | * |
| | * |
| FEDERAL RESERVE BANK OF NEW YORK, | * |
| | * |
| Defendant | * |

_____

**COMPLAINT and JURY TRIAL DEMAND**
_____

Plaintiff, IRINA GVOZD (hereinafter referred to as Plaintiff), by and through her undersigned counsel hereby sues the above-named Defendant for damages she incurred as a result of said Defendant's violations of Title VII of Civil Rights Act of 1964 and various other discriminatory practices and in support thereof states as follows:

NATURE OF THE ACTION

This is a civil action seeking monetary damages resulting from Defendant's unlawful employment practices of gender, age, and national origin discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et. seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.  This action seeks to provide appropriate relief and award monetary damages to Plaintiff, who was adversely affected by such practices.  Plaintiff avers that the above-named Defendant has discriminated against her by engaging in harassment against the Plaintiff by her immediate supervisor routinely and improperly referencing her age, gender and national origin; denying her career advancement;

1

creating a hostile work environment, in which Plaintiff was compelled to work; unreasonably and unjustifiably providing her with unfavorable work performance assessment; unjustifiably and without cause placing her on a 90-day probation; and ultimately terminating her employment after Plaintiff exercised her rights under Title VII by filing and resolving a charge of discrimination.

## JURISDICTION AND VENUE

1. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Sections 703(a), 704(a), 706(f)(1), 706(f)(3), of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2(a), 2000e-3(a), 2000e-5(f)(1), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a. The venue is proper pursuant to 42 U.S.C. §2000e-5(f)(3).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of New York.

3. Plaintiff has satisfied all conditions precedent to commencing this action by filing a charge of discrimination with the Equal Employment Commission (hereinafter EEOC) on or about July 20, 2018 and received a right to sue letter from the EEOC on August 31, 2018.

## PARTIES

4. Plaintiff is an adult resident of the State of New York.

5. Upon information and belief, Defendant The Federal Reserve Bank of New York (hereinafter Defendant) is a bank and an independent private business entity within the Federal Reserve System of the United States, which is owned by the United States Government and serves as the nation's central bank.  Defendant's principal office is located at 33 Liberty Street, New York, New York 10045.

6. At all times pertinent hereto, Defendant has continuously been and is now doing business

in the State of New York and has continuously had at least fifteen (15) employees.

7.       At all times pertinent hereto, Defendant has continuously been an employer within the meaning of Title VII and is subject to antidiscrimination provision set forth therein.

## STATEMENT OF FACTS AND GENERAL ALLEGATIONS

8.       Plaintiff commenced her employment with Defendant in March of 2010 as a bank examiner after eight years of employment in private sector.

9.       In 2014 Plaintiff joined the Defendant's J.P. Morgan onsite team (hereinafter Team) as a Business Line Specialist for Sales and Trading Businesses.   In 2016 Plaintiff became a Senior Examiner on the same team and continued her employment with the Defendant in that capacity until her termination on September 15, 2017.

10.      In September of 2015 the existing management of the J.P. Morgan onsite team was replaced in its entirety by a new management team and Plaintiff was assigned new immediate supervisors. After the change of management, several members of the Team left the team and Plaintiff became the youngest and the only female member in her Team group.

11.      From the outset of taking charge of the Team, the new managers of the Team engaged in a deliberate and persistent practice of disrespectful, denigrating and disparaging treatment of various members of the Team including the Plaintiff and otherwise flagrantly violating the Federal Reserve policies.  The conduct of the new Team management described above created a hostile work environment for the Plaintiff within the Team.

12.     Almost immediately after the change in the Team's management Plaintiff's new supervisors engaged in a deliberate and persistent pattern of conduct towards the Plaintiff that was hostile, harassing, inappropriate and discriminatory.  Such conduct included the following:

a)     As the only female and the youngest member of the Team, Plaintiff was consistently assigned tasks that were below and not commensurate with her skill and experience level that male members of the Team with lesser experience were not assigned;

b)     Plaintiff was routinely excluded from business meetings, discussions, and her work product and professional opinions, albeit necessary to a given project, were routinely and demonstratively ignored, denigrated and dismissed in the presence of other Team members;

c)     Plaintiff was routinely assigned projects with unreasonable deadlines and parameters and her workload increased to unmanageable levels, while male members of the Team were given preferential treatment by Plaintiff's supervisors with respect to projects and work load;

d)     Plaintiff's immediate supervisors regularly and deliberately engaged in controversial discussions with other male colleagues which included derogatory, sexist and offensive references to women in Plaintiff's presence.  Despite Plaintiff's requests to refrain from making such comments as they made her uncomfortable such conduct on the part of the management and Plaintiff's supervisors persisted and increased;

f)     Plaintiff's immediate supervisor made numerous calculated and deliberate statements to the Plaintiff between September of 2015 and her termination in September of 2017 with intent to harass, bully and belittle the Plaintiff which included:

  i) Routinely referring to Plaintiff as "intern," telling the Plaintiff that she was lucky to have such employment at her "young age" and making other inappropriate and offensive references to Plaintiff's age;

  ii) Routinely making inappropriate references to Plaintiff's gender and subjecting her to a differential treatment that her male colleagues were not;

  iii) Routinely making extreme and highly inappropriate references to Plaintiff's ethnicity, including a statement that there were "too many Ukrainians" in higher professional positions, and that "all these [expletive] Ukrainians want too much." Plaintiff is of a Ukrainian origin, and her supervisor's statements regarding her ethnicity were made directly to and/or in Plaintiff's presence with a clear intent to harass, threaten and intimidate the Plaintiff;

  iv) Constantly threatening the Plaintiff with termination or "managing-out" whenever the Plaintiff asked her supervisor to refrain from and/or protested against harassing and/or disrespectful treatment by the management and her immediate supervisor.

13. On February 6, 2017 Plaintiff filed a complaint against her supervisor with the EEOC office within the Federal Reserve. The official investigation that ensued as a result of Plaintiff's complaint concluded that that some conduct that was not consistent with Defendant's policies took place. However, upon information and belief, no disciplinary action against the Plaintiff's supervisor was taken.

14. Following Plaintiff's complaint to EEOC Plaintiff's supervisor's and Team management's conduct towards the Plaintiff grew increasingly adverse and hostile, and their

attempts to terminate her employment at the Defendant and/or "manage-out" the Plaintiff became clear and deliberate and included the following:

    a) Immediately following her EEOC complaint, Plaintiff was given a negative mid-year review by her immediate supervisor against whom Plaintiff filed her complaint, despite there being no changes in Plaintiff's conduct, work product, work ethic and performance. In fact, during that same period Plaintiff received favorable reviews from client and several other managers;

    b) Plaintiff's immediate supervisor engaged in excessive micro-management of Plaintiff's work and excessively close monitoring of all of Plaintiff's activities, clearly intending to harass and intimidate the Plaintiff;

    c) In addition, Plaintiff's immediate supervisor engaged in aggressive interviewing of several past and present employees of the Defendant regarding any possible misconduct on the part of, grievances against, and/or any other negative experience with and/or any negative information about the Plaintiff that any such employees may have to aid Plaintiff's manager in his attempts to terminate Plaintiff's employment at the Defendant;

    d) Following her complaint against her manager and without any warning or explanation Plaintiff was placed on a 90-day disciplinary probation on July 12, 2017.

15. On September 15, 2017, without any reason or explanation given, Plaintiff was terminated from her employment at the Defendant.

16. Plaintiff's termination from the Defendant Federal Reserve of New York's employment was without cause or merit and constitutes a deliberate and egregious act of retaliation for her brining a discrimination complaint against her immediate supervisor.

6

## COUNT I

### (Retaliation)

17. Plaintiff repeats and realleges her allegations as set forth in paragraphs 1 through 16 as if set forth herein and incorporates them by reference.

18. Since at least February 6, 2017, Defendant has engaged in unlawful retaliatory practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) by engaging in harassing and threatening conduct against the Plaintiff, excessive monitoring, placing Plaintiff on a disciplinary probation without cause or justification, and ultimately terminating her employment because she opposed discriminatory practices and initiated an EEOC proceeding against her supervisor.

19. The effect of the events described above has been to deprive Plaintiff of equal employment opportunities in retaliation for exercising her federally protected rights.

20. The unlawful employment practices described above were intentional.

21. The unlawful employment practices described above were done with malice and/or with reckless disregard to Plaintiff's federally protected rights.

22. As a result of Defendant's conduct herein Plaintiff suffered economic and non-economic damages as well as extreme emotional distress and mental anguish.

## COUNT II

### (Gender Discrimination)

23. Plaintiff repeats and realleges her allegations as set forth in paragraphs 1 through 22 as if set forth herein and incorporates them by reference.

24. Defendant and Defendant's agents deliberately engaged in harassment and discriminatory practices against Plaintiff on the basis of her gender in violation of Title VII.

25.     As a result of Defendant's conduct herein Plaintiff suffered economic and non-economic damages as well as extreme emotional distress and mental anguish.

## COUNT III
### (Age Discrimination)

26.     Plaintiff repeats and realleges her allegations as set forth in paragraphs 1 through 25 as if set forth herein and incorporates them by reference.

27.     Defendant and Defendant's agents deliberately engaged in harassment and discriminatory practices against Plaintiff on the basis of her age in violation of Title VII.

28.     As a result of Defendant's conduct herein Plaintiff suffered economic and non-economic damages as well as extreme emotional distress and mental anguish.

## COUNT IV
### (Ethnic Origin Discrimination)

29.     Plaintiff repeats and realleges her allegations as set forth in paragraphs 1 through 28 as if set forth herein and incorporates them by reference.

30.     Defendant and Defendant's agents deliberately engaged in harassment and discriminatory practices against Plaintiff on the basis of her ethnic origin in violation of Title VII.

31.     As a result of Defendant's conduct herein Plaintiff suffered economic and non-economic damages as well as extreme emotional distress and mental anguish.

WHEREFORE, Plaintiff demands judgment against the Defendant as follows:

a)  Defendant be ordered to pay the Plaintiff damages in the amount to be determined at trial but believed to be in excess of Five Hundred Thousand Dollars ($500,000.00) and the costs of this action against the Defendant;

b) Defendant be ordered to pay Plaintiff's attorneys fees;

c) Such other and further relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues triable by jury.

Dated:       November 25, 2018

        Respectfully Submitted,

        */s/ Vladimir I. Gvozd*

        _____
        Vladimir I. Gvozd
        Attorney for Plaintiff
        Bar No. 4266722
        Law Offices of Vladimir I. Gvozd
        4800 Hampden Lane, Suite 200
        Bethesda, Maryland 20814
        Tel. (301) 652-5530
        Fax (301) 576-4513
        vgvozd@gvozdlaw.com